IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GARY and ANNA-MARIE CUPPELS    :
individually and on behalf of all others    :
similarly situated,    :
   :
     Plaintiffs,    :
   :     C.A. No. S18C-06-009 RFS
v.    :
   :
MOUNTAIRE CORPORATION,    :
MOUNTAIRE FARMS INC., and    :
MOUNTAIRE FARMS OF DELAWARE,    :
INC.,    :
   :
     Defendants.    :

## **OPINION**

Date Submitted: June 29, 2019
Date Decided: August 1, 2019

*Defendants' Exceptions to the Special Master's June 19, 2019 Decision.
Adopts in Part and Rejects in Part the Special Master's Report.
Grants in Part and Denies in Part the Defendants' Notice of Exceptions to the Special Master's
Report.*

Chase T. Brockstedt, Esq., and Stephen A. Spence, Esq., Baird Mandalas Brockstedt, LLC, 1413 Savannah Road, Suite 1, Lewes, Delaware 19958, Attorneys for Plaintiffs.

Philip C. Federico, Esq., Schochor, Federico & Staton, P.A., 1211 St. Paul Street, Baltimore, Maryland 21202, *Admitted Pro Hac Vice*, Attorney for Plaintiffs.

John C. Phillips, Jr., Esq., Robert S. Goldman, Esq., and Lisa C. McLaughlin, Esq., Phillips, Goldman, McLaughlin & Hall, 1200 N. Broom Street, Wilmington, Delaware 19806, Attorneys for Defendants.

F. Michael Parkowski, Esq., Michael W. Teichman, Esq., and Elio Battista, Jr., Esq., Parkowski, Guerke & Swayze, P.A., 1105 N. Market Street, 19th Floor, Wilmington, Delaware 19801, Attorneys for Defendants

**STOKES, R. J.**

## I. INTRODUCTION

This matter between Plaintiffs Gary and Anna-Marie Cuppels and Defendants Mountaire Corp., Mountaire Farms, Inc., and Mountaire Farms of Delaware, Inc. arises due to the alleged illegal disposal of wastewater and sludge generated from the Defendants' chicken production and processing facilities in Delaware. Disagreement between the parties regarding the proper scope of discovery has brought progress in this case to a virtual standstill. In order to alleviate this roadblock the Court appointed a Special Master to assist the parties in ironing out the aforementioned issues.

The Special Master issued a decision on several pending discovery motions via letter to the parties dated June 19, 2019. For the reasons set forth below, the Court largely agrees with the Special Master's findings with the exception of the wording of a single discovery request. Therefore, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Special Master's Report on the currently pending discovery motions. In turn, the Court **DENIES IN PART** and **GRANTS IN PART** Defendants' Exceptions to the Special Master's Report.

## II. PROCEDURAL BACKGROUND

### A. *The Discovery Disputes*

On June 13, 2018, Plaintiffs Gary and Anna-Marie Cuppels, in their individual capacity and on behalf of similarly-situated individuals (collectively, the

1

"Plaintiffs") filed suit (the "Complaint") against Defendants Mountaire Corp. ("MC"), Mountaire Farms, Inc. ("MFI"), and Mountaire Farms of Delaware, Inc. ("MFODI," along with MC, and MFI, the "Defendants") related to the Defendants' purported operation of a large poultry production and processing plant in Millsboro, Delaware. The Defendants quickly moved to dismiss the Complaint. The Plaintiffs filed an Amended Complaint on October 12, 2018 (the "Amended Complaint"). The Defendants also moved to dismiss the Amended Complaint.

After review of the parties' arguments on the Defendants' motions to dismiss, the Court issued an order on February 22, 2019, allowing limited discovery to determine whether the Plaintiffs can maintain this action as a class action and whether sufficient contacts exist between MC and Delaware to permit the Court to exercise personal jurisdiction over it. Thereafter the Plaintiffs began serving the defendants with discovery requests. Disputes as to the scope of allowable discovery arose thereby necessitating the Court to appoint a Special Master and issue an additional clarifying order.

B. *The Clarifying Order*

On May 29, 2019, the Court issued its Order Clarifying the Scope of Jurisdictional Discovery (the "Clarifying Order"). It began with a review of the Plaintiffs' jurisdictional claims as to each of the Defendants and noted the primary area of dispute of whether the Court could exercise personal jurisdiction over MC.

2

The Court prohibited the Plaintiffs from simply exploring every contact MC has had with Delaware because they had not pled facts suggesting MC is subject to the Court's general jurisdiction authorized in 10 *Del. C.* § 3104 (c) (4). Rather, the Plaintiffs were allowed to pursue discovery to develop facts to support the exercise of specific jurisdiction over MC either directly or via MFI and/or MFODI under an agency theory.

C. *Appointment of the Special Master*

The Special Master was appointed by order dated May 14, 2019, to assist the Court and the parties in conducting and completing discovery in an orderly and efficient manner. The Special Master considered three motions in preparing his report: (1) the Plaintiffs' Motion to Compel Discovery Responses (the "Motion to Compel"); (2) the Defendants' Motion to Extend the Deadlines Set Forth in the Court's February 22, 2019 (the "Motion to Extend"); and (3) the Defendants' Motion for a Protective Order Regarding the Deposition of Ronald Cameron (the "Motion for Protective Order"). The Special Master's Report (the "Report") was filed on June 19, 2019.

D. *The Special Master's Report*

The Special Master began with consideration of the Motion to Extend. He determined that a small extension was warranted due to the delay caused by the parties' need to obtain additional direction from the Court through the Clarifying

3

Order and the sheer scope of the Defendants' discovery obligations. He established several new deadlines for discovery as well as a date by which the Plaintiffs must file a Second Amended Complaint.[1]

On the Motion for Protective Order, the Special Master analyzed relevant Delaware case law concerning the application of the "apex deposition" doctrine. In short, he decided to grant the Motion for Protective Order without prejudice. He made clear that the Plaintiffs' had the right to raise this issue again if information obtained through discovery establishes Mr. Cameron's specific knowledge of the Defendants' operations.[2]

The bulk of the Report's robust 37 pages consists of the Special Master's comprehensive analysis of each of the discovery requests directed to the Defendants.[3] In the interest of judicial economy, the Court will only touch on the Special Master's rulings on those requests to which the Defendants' have taken exception.

With regard to Interrogatory No. 2 to MC, the Special Master determined that requiring MC to identify its past or present owners, officers, directors, board members, agents, employees, contractors, consultants, accountants, attorneys, representatives, and any other persons that visited, stayed in, or reside in the State

---

[1] Report at ¶ 4.
[2] Report at ¶ 36.
[3] Report at ¶¶ 6 – 34.

4

of Delaware was reasonably calculated to lead to the discovery of evidence in support of the Plaintiffs' agency theory as well as specific jurisdiction. The Special Master directed MC to provide full and complete answers to this Interrogatory limited to the time frame set forth in the Amended Complaint.

Interrogatory No. 1 to MFODI seeks the identity of all licenses, permits, and certifications issued to MFODI by any Delaware regulatory authority. The Special Master viewed MFODI's response that it had been issued "multiple permits" from DNREC as incomplete. He directed MFODI to supplement its response and provide additional information concerning permits issued by DNREC or any other Delaware regulatory authority as well as any licenses and certifications issued by the State of Delaware.

Interrogatory No. 8 to MFODI seeks information on MFODI's gross operating revenues attributable to its business activities within Delaware or with Delaware clients. While the Special Master noted that this request was overbroad, he stated that the information sought may be relevant and directed MFODI to supplement its response limited to the time frame alleged in the Amended Complaint.

Interrogatory Nos. 22-23 to MC and MFODI request the identity of all documents provided between MC and MFODI relating to the operation of the facility located in Millsboro, Delaware. The Special Master required MFODI to

5

review its records and disclose the types of documents exchanged between MC and MFODI related to the operation of its facilities in Delaware, as well as the identities of the sender and recipient of said documents.

Interrogatory No. 58 to MC and MFODI seeks information concerning any meetings or communications between MC and Delaware government officials. The Special Master decided this was relevant to specific jurisdiction and directed MC to provide this information limited to the timeframe alleged in the Amended Complaint. MFODI was also ordered to provide responses with respect to any such meetings of which it is aware.

Interrogatory Nos. 3. 7, 12, 17-18, 20-21, 47-48, 50, 52, and 55 to MC and 3, 7, 12, 17-21, 47-48, and 50-52 to MFODI and Request for Production Nos. 1(a), 1(e), 1(g), 1(j), 1(l), 2(a), 2(b), 2(d), 3(a), 7, 10, 11, and 12 to MC and 1(a), 1(e), 1(g), 1(h), 1(j), 1(l), 2(a), 2(b), 3(a), 7, 10, and 12 to MFODI seek a variety of information all of which the Special Master deemed relevant to the issues of specific jurisdiction and agency theory. The Special Master directed MC and MFODI to provide this information and/or produce documents related to the "facilities in Delaware."

Request for Production No. 5 to MC and MFODI seeks production of any documents relating to any audits, reviews, or evaluations performed by MC. The

Special Master viewed such information as relevant to MC's knowledge of and involvement in the manner in which the facilities in Delaware are operated.

E. *Defendants' Exceptions*

The Defendants filed their Exceptions to the Report on June 29, 2019. Plaintiffs filed their Opposition on July 3, 2019.

## III. STANDARD OF REVIEW

A Special Master's Report is subject to *de novo* review by this Court.[4]

## IV. DISCUSSION

The Defendants take exception to the Special Master's decisions regarding a number of the discovery requests. The Plaintiffs oppose said exceptions and support the Special Master's findings. The Plaintiffs do not oppose the Special Master's decisions with regard to the Motion to Extend or the Motion for Protective Order.

The Clarifying Order included the Court's analysis with regard to the proper scope of the jurisdictional discovery in this case. The Plaintiffs, having failed to plead sufficient facts to suggest an exceptional case existed so as to subject MC to this Court's general jurisdiction under 10 *Del. C.* § 3104 (c) (4), were prohibited from pursuing discovery towards that end. Instead, the Plaintiffs were allowed to seek information from the Defendants as a means to potentially establish specific

---

[4] Del. Super. Ct. Civ. R. 122(c).

jurisdiction over MC either directly or via MFI and/or MFODI under an agency theory.

The primary concern raised in each of the Defendants' stated exceptions is that the discovery requests at issue should be limited in scope to information or documents concerning the "Millsboro chicken processing plant" as opposed to their Delaware operations at large. The Court infers that the Defendants believe such a limitation is warranted in light of the Clarifying Order's prohibition on discovery seeking information to help establish general jurisdiction over MC. However, the operation of the other Delaware facilities is relevant to specific jurisdiction due to the Amended Complaint's assertion that wastewater and sludge from said facilities is transported to the Millsboro plant for treatment and disposal. The operation of the other Delaware facilities has been implicated through factual allegations in the Amended Complaint and could establish the Courts' jurisdiction over MC under the theory of agency. Limiting the scope of jurisdictional discovery solely to the "Millsboro chicken processing plant" is unwarranted.

The Defendants also take exception to a number of the discovery requests at issue as being overly broad and/or unduly burdensome. With the exception of Interrogatory No. 2 to MC, the Court is satisfied that the Special Master has adequately addressed these concerns with the limitations to the requests at issue outlined in the Report.

8

As to Interrogatory No. 2 to MC, it does appear to the Court that requiring the disclosure of any physical presence in Delaware by any of the listed categories of persons, while potentially relevant to the specific jurisdiction issue, constitutes a daunting and likely impossible task. Limiting the categories to MC's past or present owners, officers, directors, board members, agents, employees, contractors, consultants, accountants, and attorneys represents a more reasonable inquiry. Including "representatives, and any other persons" in the list is too expansive. MC should be able to provide the requested information in relation to the remaining categories.

## V. CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Special Master's Report. And, therefore, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' Notice of Exceptions to the Special Master's Report.[5]

**IT IS SO ORDERED.**

---

[5] The Defendants have requested oral argument on their Exceptions to the Report. (D.I. 165). The Court, having fully considered the Report and the parties' arguments on the Defendants' Exceptions, finds additional oral argument unnecessary.

9